UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Hayward Leon Rogers, # 278510, | ) | **C/A No. 8:05-1555-MBS-BHH** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| | ) | |
| Colie L. Rushton, Warden of McCormick Correctional Institution; and | ) | |
| | ) | |
| Henry McMaster, Attorney General of the State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

# *History of this Case*

This is a habeas corpus action.[1]  The petitioner is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC).  This habeas corpus action concerns the petitioner's convictions for strong arm robbery, kidnapping, criminal sexual conduct, and assault and battery with intent to kill.  Those convictions were entered in a jury trial in the Court of General Sessions for Lexington County on September 21, 2001.  The petitioner is serving

---

[1]In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers.  Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

a "life without parole" sentence for those crimes. The petitioner's convictions were affirmed on direct appeal in <u>State v. Rogers</u>, 361 S.C. 178, 603 S.E.2d 910, 2004 S.C.App. LEXIS® 245 (S.C.Ct.App. 2004).[2] The petitioner filed an application for post-conviction relief in the Court of Common Pleas for Lexington County in October of 2004 (Case No. 2004-CP-32-3932) and the post-conviction case is currently pending there.

The petitioner filed the petition in the above-captioned case on June 28, 2005. Although it was obvious from the petition that the petitioner had not exhausted his state court remedies, the petitioner alleged inordinate delay in his application for post-conviction relief, which has been pending in the Court of Common Pleas for Lexington County since October of 2004. Inordinate delay in state court proceedings may, under certain circumstances, justify waiver of

_____

[2]There is a typographical error in the opinion of the South Carolina Court of Appeals. The "FACTS" portion of the opinion indicates that the incident leading to the petitioner's convictions took place on September 28, 2002. 603 S.E.2d at 912. The petitioner was convicted on September 21, 2001. Moreover, the reference to a video poker parlor suggests that the incident took place prior to the abolition of video poker by the Supreme Court of South Carolina as of July 1, 2000. <u>Joytime Distributors & Amusement Co. v. State</u>, 338 S.C. 634, 528 S.E.2d 647, 1999 S.C. LEXIS® 180 (1999), <i>cert. denied</i>, <u>Joytime Distributors & Amusement Co. v. South Carolina</u>, 529 U.S. 1087, 146 L.Ed.2d 641, 120 S.Ct. 1719, 2000 U.S. LEXIS® 2883 (2000).

In light of information provided by the petitioner in two of his civil rights cases, <u>Hayward Leon Rogers v. Michael W. Chesser</u>, Civil Action No. 8:05-2005-MBS-BHH, and <u>Hayward Leon Rogers v. State of South Carolina; County of Lexington; Lexington County Court; and Public Defenders Office of Lexington County</u>, Civil Action No. 8:02-3257-MBS-BHH, it appears that the incident took place in 1998. <i>See, e.g.</i>, complaint (Entry No. 1) in Civil Action No. 8:02-3257-MBS-BHH, where the plaintiff refers to his arrest on October 6, 1998.

exhaustion. In fact, a prior summary dismissal of a § 2254 case by this district court was reversed by the United States Court of Appeals for the Fourth Circuit on the grounds of inordinate delay. Ingram v. State of South Carolina, 164 F.3d 624, 1998 U.S.App. LEXIS® 26544, 1998 WESTLAW® 726757 (4th Cir., October 18, 1998)[Table]. *See also* Patterson v. Leeke, 556 F.2d 1168 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977); and *cf.* United States v. Johnson, 732 F.2d 379, 381 (4th Cir. 1984). Hence, in light of the past success of prisoners alleging inordinate claims before the United States Court of Appeals for the Fourth Circuit, the undersigned in an order (Entry No. 4) filed on June 28, 2005, authorized service of process and directed the respondents to file a return. The order of June 28, 2005, directed the respondents to file a return within fifty (50) days.

Between the issuance of the order of June 28, 2005, and the filing of the respondents' return and motion for summary judgment, the petitioner filed a series of motions: a motion for discovery (Entry No. 5), a motion for judgment on the pleadings (Entry No. 7), and a motion to amend/correct (Entry No. 8), a supplement to the habeas corpus petition styled as a Notice of Supplemental Pleadings (Entry No. 10), a letter requesting a jury trial (Entry No. 11), and a motion to compel discovery and motion for sanctions (Entry No. 12).[3]

---

[3]The petitioner is "struck out" under the Prison Litigation Reform Act (PLRA). "Strikes" (continued...)

The respondents filed their return and motion for summary judgment (Entry No. 13) on August 16, 2005. On August 19, 2005, the undersigned issued a Roseboro order to apprise the petitioner of summary judgment procedure, as required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner filed his response (Entry No. 16) to the motion for summary judgment on August 22, 2005.

The petitioner has continued to file motions in the above-captioned case. Those motions include the petitioner's motion for pre-trial conferences and a scheduling order (Entry No. 17); the petitioner's motion to amend (Entry No. 18) and supporting affidavit (Entry No. 19); the petitioner's affidavit in support of his motion for judgment on the pleadings (Entry No. 20); the petitioner's motion for entry

---

(...continued)

have been entered in at least three cases: Rogers v. McMaster, *et al.*, Civil Action No. 8:04-0690-MBS-BHH (D.S.C. 2004); Rogers v. Eleventh Circuit Solicitor, Civil Action No. 8:00-1365-MBS-WWD (D.S.C. 2000); and Rogers v. Eleventh Circuit Solicitor, *et al.*, Civil Action No. 8:00-0783-MBS-WWD (D.S.C. 2000). The Prison Litigation Reform Act, of course, does not apply to habeas corpus cases, such as the above-captioned case. Smith v. Angelone, 111 F.3d 1126, 1129-1131, 1997 U.S.App. LEXIS® 8247 (4th Cir.), *cert. denied*, 521 U.S. 1131, 138 L.Ed.2d 1036, 118 S.Ct. 2, 1997 U.S. LEXIS® 4265 (1997).

The petitioner has also been placed under the state court equivalent of a Graham v. Riddle order. Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977). *See* Order of the Supreme Court of South Carolina (dated November 9, 2004), which directed the Clerk of the Supreme Court not to accept any more of the petitioner's filings in the original jurisdiction unless he pays the $25 filing fee for motions filed under Rule 224(d), SCAR. In its order, the Supreme Court of South Carolina cited Maxton v. Johnson, 325 S.C.3, 478 S.E.2d 679, 1996 S.C. LEXIS® 218 (1996). A copy of the Order of the Supreme Court of South Carolina is appended to the petitioner's Notice of Supplemental Pleadings (Entry No. 10).

of judgment (Entry No. 21); the petitioner's amended affidavit (Entry No. 22) in response to motion for summary judgment; the petitioner's motion for sanctions (Entry No. 23), the petitioner's second motion for entry of default (Entry No. 24), the petitioner's motion for trial by jury or trial by the court (Entry No. 25), the petitioner's motion for a copy of the case file in the above-captioned case (Entry No. 26); the petitioner's motion for a subpoena (Entry No. 27); the petitioner's third motion for entry of default (Entry No. 29); the petitioner's reply (Entry No. 33) to the respondents' response to his motion for default; the petitioner's notice of complaint (Entry No. 34); the petitioner's motion for a writ of mandamus (Entry No. 36), the petitioner's letter (Entry No. 39) to the Honorable Margaret B. Seymour, United States District Judge; the petitioner's affidavit for writ of mandamus (Entry No. 40); and the petitioner's motion to amend (Entry No. 41).

# *Discussion*

With respect to his convictions and sentences, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies.  "It is the rule in this country that assertions of

error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)).  *See also* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971); Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) (exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,* Matthews v. Moore, 522 U.S. 833, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.  The  burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

In order to exhaust his or her "non-direct appeal" claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160. The applicant may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428, 1998 S.C. LEXIS® 6 (1998)(*citing* S.C. Code Ann. § 17-27-20(a)(1), (b); and Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975)). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, supra, 329 S.C. at 42, 495 S.E.2d at 428. The Supreme Court of South Carolina has specifically stated: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454 (1990); and State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 2002 S.C. LEXIS® 26 (2002).[4]

---

[4]Where a habeas petitioner has failed to exhaust his or her state remedies and the state court would now find his or her claims procedurally barred, further exhaustion is not required. *See* Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 1991 U.S. LEXIS® 3640 (1991); Breard v. Pruett, 134 F.3d 615, 619, 1998 U.S.App. LEXIS® 892 (4th Cir. 1998). However, the federal court is precluded from hearing a procedurally defaulted claim unless

(continued...)

Although the petitioner appears to have exhausted his direct appeal grounds by virtue of the decision of the South Carolina Court of Appeals, it is clear that the petitioner has fully not exhausted his state remedies because his post-conviction case is still pending.  Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A).  Although the petitioner's direct appeal was not successful, the petitioner is currently using his only available state judicial remedy: an application for post-conviction relief.  *See* § 17-27-10, *et seq.*, South Carolina Code of Laws.  The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq*., South Carolina Code of Laws, is a viable state-court remedy.  *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).[5]

---

[4](...continued)
the petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, supra, 105 F.3d at 916 (quoting Coleman v. Thompson, supra, 501 U.S. at 750).  This standard has been referred to as a "demanding burden." Townes v. Murray, 68 F.3d 840, 847, 1995 U.S.App. LEXIS® 30789 (4th Cir. 1995).

[5]The petitioner's now-completed direct appeal is also a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 1989 U.S. LEXIS® 1040 (1989).

In his pending application for post-conviction relief, a copy of which is appended to the respondents' return and motion for summary judgment (Entry No. 13), the petitioner has raised ten (10) grounds.  Two (2) of the ten grounds clearly relate to ineffective assistance of his trial counsel and appellate counsel.  *See* Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); Brightman v. State, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164, 1999 WESTLAW® 642039 (1999); Davis v. State, 336 S.C. 329, 520 S.E.2d 801, 1999 S.C. LEXIS® 153, 1999 WESTLAW® 672669 (1999); Green v. State, 338 S.C. 428, 527 S.E.2d 98, 2000 S.C. LEXIS® 27 (2000)(affirming Court of Common Pleas determination that prisoner's trial counsel was ineffective in failing to object that prejudicial effect of prior convictions outweighed probative value); and Edmond v. State, 341 S.C. 340, 534 S.E.2d 682, 2000 S.C. LEXIS® 148, 2000 WESTLAW® 823349 (2000)(counsel's failure to object to Assistant Solicitor's comments in closing argument about defendant's invocation of right to counsel constituted ineffective assistance of counsel).  Ineffective assistance of counsel may arise out of a guilty plea  proceeding, James Harvey Jackson v. State, 342 S.C. 95, 535 S.E.2d 928, 2000 S.C. LEXIS® 180, 2000 WESTLAW® 1153392 (2000)(ineffective assistance may be shown where attorney wrongly advised petitioner that charge was a misdemeanor; charge was, in fact, a felony), or a jury

trial, Dawkins v. State, 346 S.C. 151, 551 S.E.2d 260, 2001 S.C. LEXIS® 145 (2001)(post-conviction relief granted because of ineffective assistance of counsel arising out of attorney's failure to object to hearsay testimony, in trial for criminal sexual conduct, that designated petitioner as the perpetrator of sexual offenses).  These types of issues are often raised in post-conviction cases in South Carolina.  See, e.g., Gene Tony Cooper, Jr. v. State, 351 S.C. 207, 569 S.E.2d 330, 2002 S.C. LEXIS® 136 (2002); Taylor v. State, 312 S.C. 179, 439 S.E.2d 820, 1993 S.C. LEXIS® 241 (1993); Wilson v. State, 315 S.C. 158, 432 S.E.2d 477, 1993 S.C. LEXIS® 124 (1993); and Thornes v. State, 310 S.C. 306, 426 S.E.2d 764, 1993 S.C. LEXIS® 3 (1993).  Moreover, lack of jurisdiction can also be raised in an application for post-conviction relief.  See Weinhauer v. State, 334 S.C. 327, 513 S.E.2d 840, 1999 S.C. LEXIS® 53 (1999); and Campbell v. State, 342 S.C. 100, 535 S.E.2d 928, 2000 S.C. LEXIS® 182, 2000 WESTLAW® 1153399 (2000).

Although the petitioner's application for post-conviction relief has been pending since October of 2004, the petitioner has not been prejudiced by the delay because the limitations period for filing a federal habeas corpus action is tolled by the pendency of the petitioner's post-conviction case.  28 U.S.C. § 2244(d)(2).

Inordinate delay in state court proceedings, under certain circumstances, may justify waiver of exhaustion.  Patterson v. Leeke, 556 F.2d 1168

10

(4th Cir.), *cert. denied*, 434 U.S. 929 (1977); and *cf.* <u>United States v. Johnson</u>, 732 F.2d 379, 381 (4th Cir. 1984). The exhibits appended to the respondents' memorandum in support of motion for summary judgment (Entry No. 13) reveal that the delay in the petitioner's post-conviction case results from the petitioner's repeated attempts to have his third post-conviction counsel relieved as counsel of record. The petitioner's pleadings and the numerous exhibits reveal that the petitioner repeatedly complained about his third post-conviction counsel[6] and filed various motions and appeals to have his third post-conviction counsel relieved. The petitioner's third post-conviction counsel was relieved on October 17, 2005.[7]

Moreover, there is no federal constitutional right to counsel in a state court post-conviction case or collateral proceeding. In other words, deficiencies in

_____

[6]The petitioner's second post-conviction counsel, Jason L. Branham, was relieved because he did not practice criminal law. The petitioner's first post-conviction counsel, Al Eargle, Jr., was relieved because he was an Assistant Solicitor for the Eleventh Judicial Circuit (which prosecuted the petitioner) prior to May of 2004 and had an obvious conflict of interest. The petitioner is obviously not responsible or "at fault" for the substitutions of his first and second post-conviction counsel.

[7]The petitioner brought a civil rights action against his third post-conviction attorney in this court: <u>Hayward Leon Rogers v. Michael W. Chesser</u>, Civil Action No. 8:05-2005-MBS-BHH. In a Report and Recommendation filed in Civil Action No. 8:05-2005-MBS-BHH on July 25, 2005, the undersigned recommended summary dismissal of the case because the petitioner (the "plaintiff" in Civil Action No. 8:05-2005-MBS-BHH) was "struck out" under the PLRA and the defendant had not acted under color of state law. On August 5, 2005, the petitioner (the "plaintiff" in Civil Action No. 8:05-2005-MBS-BHH) filed a motion for voluntary dismissal. In an order filed in Civil Action No. 8:05-2005-MBS-BHH on August 10, 2005, Judge Seymour granted the motion for voluntary dismissal.

a post-conviction proceeding are not cognizable under 28 U.S.C. § 2254. *See* Pennsylvania v. Finley, 481 U.S. 551 (1987), Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)(collecting cases holding that errors in a state post-conviction proceeding "cannot serve as a basis for federal habeas corpus relief"), and 28 U.S.C. § 2254(i), which codified prior cases law.  Hence, the three-month delay in appointing the petitioner a fourth post-conviction attorney has violated no federally guaranteed constitutional rights because there is no federal right to counsel in a post-conviction case.

In light of the fact that two of the petitioner's ten grounds raised in the post-conviction case relate to the performance of his trial counsel and appellate counsel, it is obvious that the Court of Common Pleas for Lexington County will need to have the petitioner's trial counsel and appellate counsel testify at the post-conviction hearing.  In order to prevail on a claim of the ineffective assistance of counsel, a person in a habeas corpus or post-conviction proceeding must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, supra, 466 at 687-694.  The second prong of the Strickland test is often called the

"prejudice" component. *See also* <u>Williams v. Taylor</u>, 529 U.S. 362, 146 L.E.2d 389, 120 S.Ct. 1495, 2000 U.S. LEXIS® 2837 (2000).

A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in <u>Strickland v. Washington</u>, <u>supra</u>, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. *See* <u>Hoots v. Allsbrook</u>, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986)("old" § 2254(d) standard); and <u>Williams v. Taylor</u>, <u>supra</u> (standard under Anti-Terrorism and Effective Death Penalty Act). Hence, with respect to the quality of his representation at trial and on direct appeal, findings of fact by a South Carolina court are necessary before the petitioner can seek federal review of his convictions in a § 2254 proceeding.

The petitioner is not entitled to a default judgment in this habeas corpus action because the respondents timely responded to the petition. In the order (Entry No. 4) filed in this case on June 28, 2005, the undersigned directed the respondents to file a return within fifty (50) days. Since the order and petition were

served on the respondents by United States mail,[8] three (3) days were added to the fifty-day period. Fed. R. Civ. P. 6(e). The fifty-third day following the entry of the order of June 28, 2005, was Thursday, August 17, 2005. The respondents filed their return and motion for summary judgment (Entry No. 13) on August 16, 2005 — **one (1) day before the due date.** Since the respondents' return was not only timely but one day early, the petitioner's numerous requests for a default judgment are inappropriate. Secondly, it is also well-settled that default judgments are not appropriate in habeas corpus cases. *See* Allen v. Perini, 424 F.2d 134, 138 (6th Cir.)(failure of Attorney General of Ohio to file timely return does not afford a basis for "*instanter*" relief; hence, district court must decide case on its merits), *cert. denied*, 400 U.S. 906 (1970); Mattox v. Scott, 507 F.2d 919, 923-924 (7th Cir. 1975); and Troglin v. Clanon, 378 F. Supp. 273, 276 (C.D.Cal. 1974)(*following* Allen v. Perini). *Cf.* Wyant v. Edwards, 952 F. Supp. 348, 1997 U.S.Dist. LEXIS® 3217 (S.D.W.Va. 1997).

The petitioner's interlocutory appeal to the Supreme Court of South Carolina, which was decided by the Supreme Court of South Carolina on July 20,

---

[8]Service of process in the above-captioned case was made several months prior to the use of electronic service by the Office of the Clerk of Court in habeas corpus cases filed by state prisoners.

14

2005,[9] does not excuse his failure to exhaust state remedies.  It is known that the Supreme Court of South Carolina routinely denies such petitions or requests on the basis of the holding in <u>Key v. Currie</u>, 305 S.C. 115, 406 S.E.2d 356, 1991 S.C. LEXIS® 165 (1991).  In <u>Key v. Currie</u>, the Supreme Court of South Carolina indicated that "it will not entertain actions filed in its original jurisdiction where the matter can be entertained in the trial courts of this State."  406 S.E.2d at 357. Under <u>Durkin v. Davis</u>, 538 F.2d 1037, 1041-1042 (4th Cir. 1976), a petition filed in the original jurisdiction of a State's highest court, such as the petitioner's letter to the Supreme Court of South Carolina, does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b).  Hence, the petitioner's letter and motion for remedial writ filed with the Supreme Court of South Carolina on March 31, 2005, and April 7, 2005, also do not satisfy the exhaustion requirement.[10]

The petitioner is not entitled to a jury trial in this habeas corpus case. The petitioner's attention is directed to the decisions of the Supreme Court of the United States, which indicate that the petitioner's trial in September of 2001 in the Court of General Sessions for Lexington County was "the 'main event' . . . rather

---

[9]A copy of the order of the Supreme Court of South Carolina (dated July 20, 2005) and the copy of the remittitur (dated August 9, 2005) are appended to the respondents' return and motion for summary judgment (Entry No. 13).

[10]<i>See</i> exhibits appended to the petitioner's Notice of Supplemental Pleadings (Entry No. 10).

than a 'tryout on the road.'"  Anderson v. Bessemer City, 470 U.S. 564, 575, 1985 U.S. LEXIS® 69 (1985)(Title VII case reviewed under "clearly erroneous" standard), quoting Wainwright v. Sykes, 433 U.S. 72, 90 (1977)(Section 2254 case).  Hence, the petitioner's motions for a jury trial or trial before this court (Entry No. 11 and Entry No. 25) should be denied.

In the petitioner's motion for subpoena (Entry No. 27), the petitioner seeks a federal court subpoena directed to the Solicitor for the Eleventh Judicial Circuit of South Carolina.  In the subpoena, the petitioner essentially seeks all documents, evidence, and tangible things relating to the petitioner's criminal case. As was noted by Magistrate Judge Cimini of the Middle District of Pennsylvania in a recent case, such a request warrants judicial attention.  Badman v. Stark, 139 F.R.D. 601, 602, 1991 U.S.Dist. LEXIS® 17239 (M.D.Pa. 1991).  The petitioner, presumably, is seeking the production of documents under Fed.R.Civ.P. 45 because he intends to serve them on a third party.  Badman v. Stark, 139 F.R.D. at 603 (Fed.R.Civ.P. 34 applies only to parties to the lawsuit, while a subpoena under Fed.R.Civ.P. 45 may be served upon parties and non-parties).  In turn, most authorities have held that production of documents from a non-party can be compelled only by a subpoena *duces tecum* issued under Fed.R.Civ.P. 45(d)(1). See Badman v. Stark, 139 F.R.D. at 603-604 & n.1 ("A subpoena duces tecum is

16

the same as 'a subpoena for the production of documentary evidence' described in Rule 45.").

Although the petitioner has *in forma pauperis* status in this case under 28 U.S.C. § 1915, that statute does not mean that an "in forma pauperis plaintiff's discovery costs either are underwritten or are waived." Badman v. Stark, 139 F.R.D. at 604.  If a litigant seeks the issuance of a subpoena *duces tecum* to be served on a third-party, he or she must simultaneously tender the witness fees and the reasonably estimated mileage allowed by law with the service of the subpoena. Badman v. Stark, 139 F.R.D. at 604, *citing* CF & I Steel Corporation v. Mitsui & Company (U.S.A.), Incorporated, 713 F.2d 494, 496 (9th Cir. 1983).  In other words, "[f]ees must be tendered concurrently with subpoenas." Badman v. Stark, 139 F.R.D. at 604, *citing* Tedder v. Odel, 890 F.2d 210, 1989 U.S.App. LEXIS® 17616 (9th Cir. 1989).

Courts of Appeals have generally held that federal district courts should decline to issue subpoenas for indigent litigants without payment of the costs of attendance fees, mileage allowances, and related costs.  *See*, *e.g.*, Boring v. Kozakiewicz, 833 F.2d 468, 473-475, 1987 U.S.App. LEXIS® 15146 (3rd Cir. 1987), *cert. denied*, 485 U.S. 991, 1988 U.S. LEXIS® 1608 (1988)(district court not required to pay for plaintiffs' expert medical witness); Johnson v. Hubbard, 698 F.2d

17

286, 289-291 & nn. 2-5 (6th Cir.)(lower courts have no duty to pay for witness fees in civil, non-habeas corpus cases), *cert. denied*, 464 U.S. 917 (1983); Newson v. Harrison, 687 F. Supp. 360, 361-362, 1988 U.S.Dist. LEXIS® 9325 (W.D.Tenn. 1988)(applying the holding in Johnson v. Hubbard); and Tedder v. Odel, supra, 890 F.2d at 211-212, where the United States Court of Appeals for the Ninth Circuit adopted the holding in Boring v. Kozakiewicz, supra.

In Tedder v. Odel, a plaintiff served a subpoena on a correctional officer who was not a party to the litigation (a civil rights suit against another correctional officer), but did not attach the required witness fees and fees for the reasonably estimated mileage. An Assistant Attorney General of the State of Oregon instructed the correctional officer not to comply with the facially invalid subpoena. The Court concluded that one's failure to comply with a facially invalid subpoena did not give rise to civil liability.

In a subsequent case, the plaintiff in Tedder v. Odel filed a civil rights action against the Assistant Attorney General who had instructed the correctional officer not to comply with the subpoena. The United States Court of Appeals for the Ninth Circuit in the appeal of the subsequent case ruled that the plaintiff was collaterally estopped from challenging the instructions given by the Assistant Attorney General. Tedder v. McAlister, 1991 U.S.App.LEXIS® 13997 (9th Cir.,

June 21, 1991), 936 F.2d 579 [Table]. *See also* <u>United States Marshals Service v.</u>
<u>Means</u>, 741 F.2d 1053, 1057 (8th Cir. 1984)(*en banc*), *superseding* a panel decision
reported at 724 F.2d 642 (8th Cir. 1983), where the United States Court of Appeals
for the Eighth Circuit, sitting *en banc*, ruled that 28 U.S.C. § 1915, the statute
granting indigent litigants the right to file a civil action without payment of the
statutory filing fee, does not require courts of the United States to pay witness fees
and other costs for indigent plaintiffs in § 1983 actions.  Hence, as a general rule,
unless the petitioner can pay the costs of discovery, he will not be able to obtain
subpoenas on third parties.  Hence, the petitioner's motion for a subpoena directed
to the Eleventh Circuit Solicitor (Entry No. 27) should be denied because the
petitioner, as an indigent, does not have the funds to pay for the costs associated
with the subpoena.

        The petitioner is not entitled to mandamus relief in this court. Circuit
precedents teach that a writ of mandamus is a drastic remedy.   The writ of
mandamus is infrequently used by federal courts, and its use is usually limited to
cases where a federal court is acting in aid of its own jurisdiction.  *See* 28 U.S.C.
§ 1361; and <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586, 587-
588 & nn. 2-4 (4th Cir. 1969).  A federal district court may issue a writ of mandamus
only against an employee or official **of the United States**.  *See*, *e.g.*, <u>Fallini v.</u>

19

Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986); and Ocean Breeze Park, Inc. v. Reich, 853 F. Supp. 906, 915, 1994 U.S.Dist. LEXIS® 7264 (E.D.Va. 1994), *affirmed*, Virginia Beach Policeman's Benevolent Association v. Reich, 96 F.3d 1440, 1996 U.S.App. LEXIS® 28823, 1996 WESTLAW® 511426 (4th Cir., June 5, 1996)[Table].  Hence, the petitioner cannot obtain mandamus relief in this court against the respondents in the above-captioned case because the respondents and the persons upon whom the petitioner seeks mandamus relief are either state officials or state employees.

In Gurley, supra, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript.  The district court in Gurley denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the

20

District Court was also without jurisdiction to issue the writ." <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d at 587.

The holding in <u>Gurley</u> was followed by the United States Court of Appeals for the Second Circuit in <u>Davis v. Lansing</u>, 851 F.2d 72, 74, 1988 U.S.App. LEXIS® 9176 (2nd Cir. 1988).  In <u>Davis v. Lansing</u>, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74.  *See also* <u>Craigo v. Hey</u>, 624 F. Supp. 414 (S.D.W.Va. 1985).  *See also* <u>Craigo v. Hey</u>, 624 F. Supp. 414 (S.D.W.Va. 1985).  In <u>Craigo</u>, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under <u>Boyce v. Alizaduh</u>, <u>supra</u>, and <u>Todd v. Baskerville</u>, <u>supra</u>, and, therefore, was subject to summary dismissal.  <u>Craigo v. Hey</u>, <u>supra</u>, 624 F. Supp. at 414.  *Accord* <u>Van Sickle v. Holloway</u>, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); <u>Hatfield v. Bowen</u>, 685 F. Supp. 478, 479, 1988 U.S.Dist. LEXIS® 5053 (W.D.Pa. 1988); and <u>Robinson v. Illinois</u>, 752 F. Supp. 248, 248-249 & n. 1, 1990 U.S.Dist. LEXIS® 8246 (N.D.Ill. 1990).  Hence, the petitioner's two (2) mandamus motions (Entry No. 36 and Entry No. 40) should be denied.

In short, the petitioner has a pending post-conviction case.  He may or may not be successful in that post-conviction case.  If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common

Pleas, he or she can file an appeal (petition for writ of *certiorari*) in that post-conviction case.  *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).  In fact, if a Court of Common Pleas denies or dismisses a South Carolina prisoner's application for post-conviction relief or dismisses the application for post-conviction relief, the prisoner *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. *See* Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).[11]  Moreover, some South Carolina prisoners have actually been successful on such appeals in their post-conviction cases.  *See*, *e.g.*, Vaughn v. State, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004). Hence, if the petitioner is not successful in his post-conviction case, he or his post-conviction attorney must file an appeal (petition for writ of *certiorari*) in the post-conviction case.

---

[11]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina.  *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1,  2005) Shearhouse Advanced Sheet # 19.

22

As earlier stated, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, § 17-27-10 *et seq.*, South Carolina Code of Laws, is a viable state-court remedy. *See* Miller v. Harvey, supra, 566 F.2d at 880-881.  Since the petitioner has yet to exhaust two (2) viable state court remedies — his pending application for post-conviction relief and (if necessary) an appeal in the post-conviction case, this court should not keep the above-captioned case on its docket while the petitioner is exhausting his state court remedies.  *See* Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."  *See also* Pitchess v. Davis, 421 U.S. 482, 490 (1975); and Lawson v. Dixon, 3 F.3d 743, 749 n. 4, 1993 U.S.App. LEXIS® 21646 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, 1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

23

# *Recommendation*

Accordingly, it is recommended that: (1) the respondents' motion for summary judgment (Document No. 13) be **granted** because the petitioner has not exhausted his state remedies; and (2) that the above-captioned case be dismissed *without* *prejudice* for failure to exhaust state court remedies.  It is also recommended that the District Court **deny** the following motions: the petitioner's motion for discovery (Entry No. 5); the petitioner's motion for judgment on the pleadings (Entry No. 7), the petitioner's letter requesting a jury trial (Entry No. 11), the petitioner's motion to compel discovery and motion for sanctions (Entry No. 12), the petitioner's motion for pre-trial conferences and a scheduling order (Entry No. 17), the petitioner's motion for entry of judgment (Entry No. 21), the petitioner's motion for sanctions (Entry No. 23), the petitioner's second motion for entry of default (Entry No. 24), the motion for trial by jury or trial by the court (Entry No. 25), the petitioner's motion for a copy of the case file in the above-captioned case (Entry No. 26), the petitioner's motion for a subpoena (Entry No. 27), the petitioner's third motion for entry of default (Entry No. 29), the petitioner's notice of complaint (Entry No. 34), the petitioner's motion to compel and motion for

24

a writ of mandamus (Entry No. 36), and the petitioner's affidavit for writ of mandamus (Entry No. 40).  The parties' attention is directed to the important notice on the next page.

Respectfully submitted,


January 3, 2006                          S/Bruce Howe Hendricks
Greenville, South Carolina               United States Magistrate Judge

25

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&

## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**