IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hayward Leon Rogers, #278510,   ) | |
| ) | C/A No. 8:05-1555-MBS |
| Petitioner,   ) | |
| ) | |
| vs.   ) | |
| ) | **OPINION AND ORDER** |
| Collie L. Rushton, Warden of McCormick   ) | |
| Correctional Institution; and Henry   ) | |
| McMaster, Attorney General of the   ) | |
| State of South Carolina,   ) | |
| ) | |
| Respondents.   ) | |
| _____) | |

Petitioner Hayward Leon Rogers is an inmate in custody of the South Carolina Department of Corrections who currently is housed at McCormick Correctional Institution in McCormick, South Carolina. Petitioner filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 28, 2005.

This matter is before the court on motion for summary judgment filed by Respondents on August 16, 2005. On August 19, 2005, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed responses to the motion on August 22, 26, and 29 and September 15, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On January 3, 2006, the Magistrate Judge issued a Report and Recommendation in which she noted that Petitioner currently is pursuing post-conviction relief at the state level. Accordingly, the Magistrate Judge recommended that the within petition be dismissed to allow Petitioner to exhaust his available state

remedies as required by 28 U.S.C. § 2254(b)(1)(A). Petitioner filed objections to the Report and Recommendation on January 17, 2006 and January 23, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Petitioner's objections generally restate the contentions set forth in his complaint and take issue with the Magistrate Judge's determination that Petitioner possesses a viable state court remedy. Petitioner contends that the court should rule on the merits of his § 2254 petition because his application for post-conviction relief (PCR) has been pending in state court for over a year. The court declines to do so. As the Magistrate Judge noted, Petitioner is not prejudiced because his time to file a § 2254 petition is tolled pending disposition of his PCR application. Moreover, the Magistrate Judge determined that the delay in resolving Petitioner's PCR application is due in part to the fact that Petitioner has sought to relieve PCR counsel. Petitioner's objections are without merit.

As to Petitioner's remaining objections, the court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d

44, 47-48 (4th Cir. 1982). The court agrees with the Magistrate Judge's recommendation that Petitioner's § 2254 petition should be dismissed to allow him to exhaust his state remedies.

The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Petitioner's motion for discovery (Entry 5), motion for judgment on the pleadings (Entry 7), letter requesting a jury trial (Entry 11), motion to compel and for sanctions (Entry 12), motion for pretrial conferences (Entry 17), motion for summary judgment (Entry 21), motion for sanctions (entry 23), motion for entry of default (Entry 24), motion for trial by jury (Entry 25), letter requesting a copy of the file (Entry 26), motion for subpoena (Entry 27), motion for entry of default (Entry 29), notice of complaint (Entry 34), motion to compel and for mandamus (Entry 36), affidavit for writ of mandamus (Entry 40), and motion to amend petition (Entry 44) are **denied**. Petitioner's motion to amend objections to Report and Recommendation is **granted** but does not affect the court's ruling. Respondents' motion for summary judgment (Entry 13) is granted to the extend they contend the within § 2254 petition should be dismissed for failure of Petitioner to exhaust his state court remedies. The within petition is dismissed without prejudice to allow Petitioner to exhaust his state court remedies.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

February 28, 2006

## NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**